JAMES H. SMITH, defendant below, appellant v. ANN BILLANY, plaintiff below, respondent.

THE eviction by a landlord of his tenant from the demised premises, may be given in evidence under the plea of *nil debet* in an action of debt for the rent, although it must be especially pleaded in an action of covenant for it.

To constitute an eviction there must be an actual entry and expulsion or exclusion of the tenant by the landlord from the demised premises, or

some such intolerable annoyance and interference with the possession of the former by the latter, as to deprive him of the beneficial enjoyment of the demised premises.

If after the tenant has left the demised premises, the landlord advertises them for sale or rent, and agrees to rent them to another, which agreement fails, and he takes possession and exercises acts of ownership over them before the expiration of the term for which they were leased to the tenant, it will not be evidence of an eviction of the tenant by him, nor even of a surrender of the demised premises by the tenant to the landlord with their mutual consent, either express or implied.

In case of an eviction, however, the tenant is thereby discharged from his liability to pay any rent after it, but the landlord is entitled to recover the rent up to the time of the eviction.

PRONARR in debt on appeal for rent by Ann Billany, the plaintiff below, against James H. Smith, the defendant below.   The lease was of a house in the city of Wilmington from the 29th day of May, 1868 to the 25th of March, 1869, for two hundred dollars, twenty dollars of it payable on the 25th day of June, and sixty dollars on the 25th day of September, December and March following, the same to be paid punctually, and the lessee to quit and surrender the premises at any time before the day last mentioned after having received thirty days' notice from the lessor, in as good condition as reasonable use and wear thereof would permit.   The pleas were nil debet, payment, set off and the act of limitations.

The evidence was that the lessee, the defendant, had lived in the house from July to October in that year and then left it, having paid eighty dollars on the rent, but there was no proof of any notice, verbal or written, from the lessor to quit, or of any surrender of the premises to her with her express consent, nor of any demand for rent until the 25th day of December 1868.   The defence was that the defendant had been evicted from the premises by the plaintiff, or had surrendered them with her approbation and consent during the term.

A witness was then called for the defendant to prove that he had seen an advertisement affixed to the house for rent by William H. Billany, or sale by another person named Woolston, a former agent of the plaintiff, soon after the defendant had vacated it.

*Harrington*, for the plaintiff. There was no plea in the case under which the evidence could be admitted. Besides, parol evidence was not admissible to contradict or vary a written lease. If a tenant abandons the property, even though he leaves some of his goods on the premises, the landlord may enter and take proper care of the premises without being guilty of an eviction. *State use of Thompson v. McClay et al.* 1 *Harr.* 520.

*Lore*, for the defendant. Under the plea of *nil debet* in the case, an eviction, payment of the rent, or any other discharge or defence, except that the plaintiff had no estate in the premises, might be given in evidence. 1 *Ch. Pl.* 477.

*By the Court.* This is an action of debt for rent, and in an action of debt for rent it has long been settled that under the plea of *nil debet* the eviction of the defendant may be given in evidence, but in an action of covenant for rent, it must be specially pleaded. 1 *Saund.* 205, *n.* 2. And the reason for the distinction is that in covenant the general issue *non est factum* only puts in issue the existence of the deed or lease on which it is founded, and every other defence by way of subsequent discharge from the obligations of it, must be specially pleaded; but *nil debet* is the general issue in an action of debt when it is founded on simple contract or legal liability, or the deed or lease is but inducement, and the subsequent occupation and enjoyment of the premises is the foundation of the action; and as it puts in issue only the existence of the debt claimed under it at the time of bringing the action, any thing may be given in evidence under it which shows that nothing was then due, as performance, release, eviction, or surrender with the consent of the landlord, or any other matter which operates by way of the subsequent discharge of the obligation to pay the rent.

The defendant then proved that such an advertisement was pasted on the front of the house not long after the

. defendant had vacated it, and also that the plaintiff was in possession of the key of it and let her agent Woolston, have it in the latter part of the year 1868, to have some repairs done on the roof and to paint the house. Also that another person agreed to rent it of Woolston in November of that year from month to month, and to have the immediate possession of it, but declined to take it because he did not consider it tenantable.

*The Court, Houston J., charged the jury,* that the plaintiff having received eighty dollars, a portion of the rent, was entitled to recover the balance of it for the whole term for which she had rented the premises in question to the defendant with interest from the respective dates when it became due and payable by the terms of the lease, which were twenty dollars on the 25th day of June 1868, and sixty dollars every three months thereafter until the 25th of March 1869, unless the jury should be satisfied from the evidence that the defendant had in the meantime been evicted from the premises by the plaintiff, or her agent or agents acting under her orders for that purpose, or had surrendered the possession of the house to her by her consent. The lease and the possession of the premises under it by the defendant having been established, it was incumbent upon him to prove that he had been evicted, or turned out of the possession of them during the term, by some kind of direct and positive evidence, and that it was done by her or by some one or more persons by her authority and direction, for it could not be inferred or presumed from any facts or circumstances which had been stated in the evidence. In general, an eviction can only be proved by an actual entry of the landlord with what is implied in law as force, upon the possession of the tenant and putting him against his will out of the possession, or depriving him of the use and occupation of the premises, when the eviction is alleged to be from the entire premises, or of such part of them, when a partial eviction only is asserted;

although it has been held in one case, at least, that there may be in law what is termed a constructive eviction, as where the landlord rented a portion of his house to a respectable family, retaining the other portion in his own possession, and afterward received visits in it from disreputable and profligate women in such a manner and who were guilty of such riotous and outrageous disturbances, as to render it intolerable for a decent family to reside or remain in the portion rented by the tenant, and who for that reason left the premises, it was held to be equivalent to, and to constitute in effect, an eviction of the tenant under such circumstances, and that it was, therefore, a good legal defence from that time to the action of the landlord for rent. But there must be an actual entry and an expulsion, or exclusion by the landlord of the tenant from the premises, or some such intolerable annoyance and disturbance by the former of the possession of the latter, as would deprive him of the beneficial enjoyment of them, to have the effect in law to suspend or extinguish the landlord's right to recover the rent. But the fact that the house was advertised for sale or rent by the plaintiff and that she agreed to rent it to another, but which agreement failed, and that she had the key of it and was in possession of it, and was exercising acts of ownership over it after the defendant had vacated and left it, but before the expiration of the term for which he had rented it, would, of itself, be no evidence whatever of an eviction by her, or by any other person.

Nor would such acts be sufficient evidence even, to prove a surrender of the premises during the term by the defendant to the plaintiff, with the mutual consent or agreement of the parties either express or implied. It did not appear in the evidence for what reason, nor precisely when, the defendant left them. By the terms of the lease the right was reserved to the plaintiff to terminate the letting at any time during the term, after having given thirty days' notice of her desire and intention to do so to the defendant, but there was no corres-

ponding right or privilege reserved to him to terminate the letting during . the term under any circumstances whatever. And there was no evidence of any notice from her to him to leave it, and without more direct and strong- er proof than had been produced, that he in fact left it with her consent, the jury could not find that there had been even a surrender of the premises during the term by the mutual consent of the parties. For if he left the house without her consent, the subsequent steps taken by her, as before mentioned, with regard to it, would not deprive her of her right to sue for and recover whatever balance of the rent might be due to her under the lease for the residue of the term up to the 25th of March 1869, after deducting the payment, or payments made by him on account of it. If, however, there had been an eviction, or any evidence of it produced in the case, then the defendant would have been discharged in law from his liability under the lease to pay any rent for the demised premises from and after the time of such eviction ; but in that case the plaintiff would have been entitled to recov- er any balance of rent, if any, that might have been due up to the time of the eviction, after deducting the pay- ment already received by her on account of it.